# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MID COLUMBIA LAND ENTERPRISES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | NO. CV-04-5085-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

On July 22, 2004, Plaintiff, Mid-Columbia Land Enterprises, filed a complaint for declaratory judgment to quiet title on a reversionary interest retained by Defendant, United States (Ct. Rec. 1). On July 27, 2005, Defendant filed a Motion to Dismiss Plaintiff's complaint based on Plaintiff's failure to state a statutory, regulatory, or contractual basis for relief (Ct. Rec. 11). Plaintiff has failed to respond to the motion.

## FACTS

On December 10, 2002, Plaintiff, Mid Columbia Land Enterprises (buyer), entered a Real Estate Purchase and Sale Agreement with the Burlington Northern and Santa Fe Railway Company ("BNSFR", or seller, formerly known as Northern Pacific Railway Company) (Ct. Rec. 1). The seller accepted the agreement on January 8, 2003. The seller had previously attained the land from the United States under the Northern Pacific Land Grant Act of 1864, with specific conditions and limitations (Ct. Rec. 1).

Upon application for title insurance, Plaintiff learned of the potential

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**\* 1

reversionary land interest that the United States retained. Plaintiff asserts Defendant United States retains no reversionary interest or any other interest in the real property at issue. Plaintiff petitions the court for a declaratory judgment to quiet title on the land it purchased and developed.

## DISCUSSION

### A. Failure to Respond

Local Rule 7.1(h)(5) for the United States District Court for the Eastern District of Washington provides that "failure to timely file a memorandum of points and authorities in support or opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default." In the present case, Plaintiff has failed to respond to Defendant's motion to dismiss; thus, it has granted the Court consent to enter an order adverse to Plaintiff's interest. However, the Court, in its discretion, will also consider the merits of Defendant's motion.

### B. Merits

#### i. Standard of Review

In reviewing a Fed. R. Civ. P. 12(b)(6) motion, the Court accepts all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

#### ii. Northern Pacific Land Grant Act of 1864

Under the Northern Pacific Land Grant Act of 1864, the United States Government granted limited fees to railroad companies for "perpetual use of the land for the legitimate purposes of the railroad." *N. Pac. Ry. v. Townsend*, 190 U.S. 267, 271 (1903). Section 2 of the Act granted Northern Pacific Railroad "two hundred feet in width on each side of said railroad where it may pass through

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** * 2

public domain. . . ." Act of July 2, 1864, ch. 217, § 2, 13 Stat. 365. The Court described the legal nature of these rights of way as a "limited fee, made on an implied condition of reverter in the event that the company ceased to use or retain the land for the purpose for which it was granted." *Townsend*, 190 U.S. at 271; *see also Mauler v. Bayfield County*, 309 F.3d 997, 999 (7th Cir. 2002) (reiterating that these grants are limited fees, made on implied condition of reverter and noting that *Townsend* is the controlling case on point). Furthermore, the Court noted that the land was not granted with the intent "that it might be absolutely disposed of at the volition of the company." *Townsend*, 190 U.S. at 271. The land is subject to conditions and limitations. *Id*. Moreover, if the conditions or limitations are not obeyed, the United States reserves the authority to exercise its interest of reverter and regain possession of the land.[1] *Id*.

In the case at hand, the land at issue is within the right of way initially granted to Northern Pacific Railroad (Ct. Rec. 1). Plaintiff was given notice of the limitations and conditions relating to the Northern Pacific Land Grant Act of 1864 in the Real Estate Purchase and Sale Agreement in bold type (Ct. Rec. 1, Ex. A, at 6). Furthermore, Plaintiff asserted no theory to overcome the reversionary interest

---

[1] The Railroad Right of Way Abandonment Act, 43 U.S.C. § 912, was enacted in 1922 and altered the reversionary scheme. It provides that a railroad right of way that is abandoned and not designated as a public highway within one year of abandonment would revert to the private landowner. 43 U.S.C. § 912. This Act was modified in 1988 by The Rails to Trails Act, 16 U.S.C. § 1248(c), which restores the reversionary interest to the United States upon abandonment unless the right-of-way is "embraced within a public highway no later than one year after a determination of abandonment. . . ." Neither of these statutes is applicable in the present case, for Plaintiff has not alleged that BNSFR has taken the statutory steps necessary to abandon its right of way or that the land has been designated for use as a public highway.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** * 3

held by the United States. Plaintiff simply contended it was entitled to a decree quieting title without any statutory, regulatory, or contractual justification. Under these circumstances, there is no basis for invalidating the Government's reversionary interest in Plaintiff's land, and Defendant is entitled to a dismissal.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss (Ct. Rec. 11) is **GRANTED**.

2. The District Court Executive is directed to **ENTER JUDGMENT** in favor of Defendant UNITED STATES OF AMERICA.

3. The telephonic pretrial conference set for December 2, 2005, is **STRICKEN**. The bench trial set for December 19, 2005, is **STRICKEN**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and to furnish copies to counsel and **close the file**.

**DATED** this 16th day of September, 2005.

            s/ ROBERT H. WHALEY
        Chief United States District Judge

Q:\CIVIL\2004\MidColumbia\default.jfg.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**\* 4